INDEPENDENT SCHOOL DISTRICT 93,
POTTAWATOMIE COUNTY, OKLA-
HOMA, Plaintiff,

v.

WESTERN SURETY COMPANY,
Defendant.

Civ. No. 66-429.

United States District Court
W. D. Oklahoma.

March 1, 1968.

As Corrected March 4, 1968.

Paul C. Duncan and Hugh A. Baysing-er, of Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, Okl., for plaintiff.

Walter D. Hanson, of Hanson, Fisher, Tumilty, Peterson, Melton & Tompkins, Oklahoma City, Okl., for defendant.

OPINION

BOHANON, District Judge.

This is a diversity action instituted by the plaintiff, Independent School District

93, Pottawatomie County, Oklahoma, hereinafter referred to as District, against the defendant, Western Surety Company, hereinafter referred to as Surety, on two successive bonds executed by the Surety to secure the faithful performance of Kenneth E. Bovee in the performance of his duties as treasurer of the District. The bonds, each in the penal sum of $100,000, were executed for a term of one calendar year commencing January 1, 1964 and January 1, 1965. Plaintiff's Exhibits 1 and 2. The bonds, as noted, were issued on a calendar year basis, while the District operated on a fiscal year basis from July 1 each year until June 30 of the following year. The District contends that for the fiscal year 1963–1964 by reason of the acts of the treasurer, Bovee, it suffered a loss in the sum of $192,000.00, and for the fiscal year 1964–1965 by reason of the acts of the said treasurer, Bovee, it suffered a loss in the sum of $391,052.27. It is the contention of the plaintiff that it suffered these losses because the treasurer, Bovee, registered warrants contrary to his duty and in violation thereof, during the years involved in excess of valid appropriations made by the Excise Board of Pottawatomie County, Oklahoma and in excess of valid contracts entered into by the Board of Education of the District.

The defendant Surety denies all of the allegations of the plaintiff's complaint and denies specifically that the District sustained any loss within the terms and conditions of the surety bonds.

The Court finds the controlling and pertinent facts are as follows:

The Surety's principal, Kenneth E. Bovee, substantially performed the duties of his office as treasurer during the term of the bonds under consideration in that the treasurer registered warrants directed to him by the Clerk and Chairman of the Board of Education of the District and kept an account of such warrants in a book for that purpose; that the Board of Education, and the Clerk of said Board, certified to the treasurer that the warrants so directed to him were issued pursuant to contracts for indebtedness against the District and that such warrants were within the unexpended and unencumbered appropriations made for the specific items for which the warrants were issued and were within the appropriations of the Excise Board of Pottawatomie County, Oklahoma; that the treasurer of the District does not and cannot legally contract on behalf of the District; he is required to register and pay warrants directed to him by the Clerk and Chairman of the Board of Education of the District pursuant to contracts entered into by the District thru the Board of Education.

The evidence before the Court shows that the lawful procedure followed by the District in incurring indebtedness was as follows:

(a) The Board of Education for the District would enter into a contract on behalf of the District and furnish the Clerk of the Board of Education copies in quadruplicate of all contracts and purchase orders when executed;

(b) The Clerk of the Board of Education, if there was an unencumbered balance of appropriation in the fund upon which the warrant was drawn, would then endorse on the contract or purchase order that such contract or purchase order was within the appropriations made therefor, and the Clerk would then enter the amount of the contract or purchase order on the Clerk's books, thereby reducing the amount of the appropriation by the contract amount, and the resulting figure would, or should, represent the unencumbered balance of the appropriation for the particular fund;

(c) A copy of this purchase order or contract, endorsed by the Clerk, as set forth above, would then be submitted to the contractee or holder to support the claim therefor;

(d) Warrants were then drawn by the Clerk of the Board of Education, signed by the Clerk and the Chairman, after Board approval thereof, and submitted to

the treasurer of the District for registration;

(e) The warrant when so issued and delivered to the District treasurer, signed by the Clerk and the Chairman as aforesaid, together with the Clerk's certificate that the same was within the appropriation, would then be registered by the treasurer;

(f) When this information, together with the warrant, was furnished to the treasurer, showing the same to be fair on its face, the treasurer would then note the same payable or not payable, depending upon the then cash position of the District.

The critical date in determining whether a warrant was within or exceeded an appropriation is the date of the contract or purchase order even though the work may be performed and the claim filed later, and the District treasurer was obligated to register such warrant even though the appropriation had been dissipated, if the indebtedness was incurred while there was a surplus of appropriation sufficient to pay the same.

The Clerk of the Board of Education and the Board of Education kept a true, accurate and correct running balance of appropriations, except as to those warrants the District Court of Pottawatomie County, Oklahoma denied judgments on, Schedule "B" attached to the judgments hereafter referred to. During the years involved the treasurer, Mr. Bovee, did not maintain a record of the status of unexpended appropriations, but relied upon the Clerk and the Chairman of the Board of Education, and of the Board of Education itself to do so. As of the date that the treasurer, Mr. Bovee, was dismissed, October 31, 1965, there were general fund warrants issued and outstanding for the District's fiscal year 1964–1965 in the amount of $419,974.15; these outstanding warrants, except a small sum not herein involved were held by eight separate banks. These banks, the holders of all of the mentioned outstanding warrants, instituted separate actions in the District Court of Pottawatomie County, Oklahoma against the District to recover the amount of said warrants held by each of the separate banks. The District Court of Pottawatomie County, Oklahoma had jurisdiction of the parties and of the subject matter of this litigation. The plaintiff District in this action introduced into evidence each of the judgments in each of the cases in the District Court of Pottawatomie County, Oklahoma and they are marked Exhibit 7 thru 14. In these eight separate suits the District Court of Pottawatomie County, Oklahoma rendered a judgment for said banks in the aggregate sum of $352,557.90 upon warrants of the District issued for the fiscal year 1964–1965, which the Court found were drawn, executed, attested, issued, registered and delivered by the defendant District to the endorsers and holders thereof and cashed by the respective banks which brought the suits against the District in the District Court of Pottawatomie County, Oklahoma. These warrants were not originally paid by the treasurer because there were no funds on hand from tax collections or otherwise to pay the same at the time they were presented for payment. The state District Court in awarding the judgments to the banks in the total sum above mentioned, specifically found that said warrants were attributable to payments for or in respect of valid, binding and enforceable professional service contracts entered into by the defendant for the fiscal year 1964–1965 and that such warrants were legally issued pursuant to such contracts and further that said warrants were within the amount of the estimate and appropriations duly made and approved therefor. By the same judgments, the District Court of Pottawatomie County, Oklahoma denied recovery in these cases as to certain warrants totaling $67,103.75, as shown on Schedule "B" of the judgments, because they were not based upon valid contracts and were not within the estimates and appropriations and were not legally approved and issued, and therefore invalid and unenforceable against the District. Warrants in the sum of $352,557.90 were held to be valid and legal warrants to the Dis-

trict, and as to this amount, the Court finds that such warrants, being legal and valid and properly issued pursuant to legal and valid obligations of the District resulted in no loss to the District, and hence there was no breach of the treasurer's bond; the Court finds that as to the sum of $67,107.75, found by the District Court of Pottawatomie County, Oklahoma to be void and invalid the District was not liable therefor, the District suffered no loss as to this amount. The total outstanding warrants for the fiscal year 1964–1965 in the sum of $419,974.15 includes an alleged deficit for the fiscal year 1964–1965 in the sum of $183,574.-63; and the Court further finds, relying upon the judgments of the District Court of Pottawatomie County, Oklahoma, introduced in evidence and relied upon by the plaintiff, shows there was in fact no deficit or loss for the school year 1964–1965 for which the School District was liable.

Counsel for the District by letter dated December 13, 1966, notified counsel for Surety of the pendency of suits against the District in Pottawatomie County, Oklahoma, in effect, advising the Surety that it could take such action in these pending cases as it saw fit. The Surety took no action in these cases which were set for trial December 19, 1966, only five days after the receipt of the letter by counsel for Surety. The Surety was not a party to these cases nor was its principal, Bovee, a party. The record fails to show that the District was in anywise damaged by Surety's failure to take part in these pending suits.

Turning to the District fiscal year 1963–1964, the Court finds that there was a deficit by reason of over-expenditures in the sum of $69,167.10 (Exhibit 6, page 18). The Surety's bond, plaintiff's Exhibit 2, became effective January 1, 1964, and therefore covered only alleged losses of the District from the effective date of its bond, which was the last six months of the District fiscal year 1963–1964. For fiscal year 1963–1964, the plaintiff has not sustained the burden of proof required of it to show that the

claimed loss or over-expenditure was incurred or came about during the time covered by the Surety's bond for the year 1964. Plaintiff offered no satisfactory showing that the warrants registered and paid by the treasurer during the last half of the fiscal year 1963–1964 were not legally issued pursuant to valid contracts entered into by the School District at the time and within the amount of the estimate and appropriations made and approved therefor. Many contracts or purchase orders could have been entered into by the District during the first half of the fiscal year 1963–1964, that is beginning July 1, 1963 and ending December 31, 1963, and within the estimate and appropriations to be made and approved therefor, but the warrants not issued, registered and paid until the second half of the fiscal year, beginning January 1, 1964. There is an absence of proof that warrants were illegally registered and paid during the first half of the calendar year 1964. The Court cannot assume that the deficit for this fiscal year, if there was a deficit, resulted because of registration and payment of illegal and invalid warrants by the treasurer beginning January 1, 1964. The Court therefore finds that the plaintiff has failed to sustain the burden of proof to show the alleged deficit claimed by it for the fiscal year 1963–1964, resulted from any act of the treasurer after the effective date of the bond, Exhibit 2.

All warrants and monies expended in both periods of time covered by the respective bonds in question were for proper school purposes and the District received the credits and services involved and for which it contracted and there is no contention that the treasurer personally applied any monies of the District to his own benefit or that he was guilty of any fraud or fraudulent acts.

■ 1. Judgment of a state court of competent jurisdiction having jurisdiction over the subject matter and of the parties is binding upon this Court.

■ 2. It is the duty of the Clerk of the School Board of an independent School District to endorse any contract

or purchase order made by the School Board on behalf of the School District and to endorse on such contract or purchase order that the same is within the balance of the appropriation made for such purpose and enter the amount on the Clerk's books reducing thereby the amount of the appropriation by the contract amount.

3. It is the duty of the School District treasurer to register a warrant fair on its face and to mark it payable or not payable depending upon his cash position, when such warrant is received by the treasurer and has been signed by the President of the Board and attested by the Clerk with a statement that it is within the appropriation provided therefor.

4. A School District treasurer may legally register a warrant even though the appropriation has been dissipated, if the indebtedness was incurred while there was a surplus of appropriation for such purpose.

5. The burden of proof was upon the plaintiff to prove a loss within the respective periods of the bonds sued upon resulting from the registration and payment of warrants during the respective periods in excess of appropriation, and to prove that the warrants registered and paid during each period were made in payment of contracts made at a time when the appropriation had been exhausted from the respective funds provided therefor. Such proof is lacking.

6. The School District treasurer, in the absence of notice to the contrary, was entitled to presume that the School Board and its Clerk had faithfully performed their respective duties and that the warrants when presented to him were in fact properly issued for an indebtedness incurred at a time when there was an unencumbered balance in the appropriation therefor.

7. The judgments of the District Court of Pottawatomie County, Oklahoma are binding upon this Court, where the judgments show on their face that the School District suffered no loss for the School District's fiscal year 1964–1965, and plaintiff is therefore not entitled to recover in this Court for any claimed loss during this period.

8. The plaintiff has failed in its proof to show a loss covered by the defendant's bond for the fiscal year 1963–1964, during that period of said fiscal year covered by the defendant's bond, that is, from January 1, 1964 to June 30, 1964.

9. The plaintiff cannot recover as a matter of law.